## STATE v. PUCKETT et al.

### No. 5606.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1938.

Ben E. Coleman and Turner B. Morgan, all of Shreveport, for appellant.

H. L. Hughes, of Natchitoches, for appellees.

HAMITER, Judge.

The State of Louisiana seeks in this cause the enforced collection from defendants of a peddler's license.

The petition alleges in part that: " * * * around five o'clock P. M., on or about June 28, 1937, Page Puckett, a resident of Natchitoches Parish, La., did go from store to store in Coushatta, Red River Parish, La., exposing and selling, and delivering the merchandise then on his person and in the motor vehicle hereinafter described to the owners and operators of certain stores in Coushatta, La., and then and there did peddle, sell, and deliver said goods and merchandise within the meaning and as defined by Act 15 of the 3d Extra Session of 1934, as amended by Act 5 of 1st Ex. Sess. of 1935 and Acts 7 and 10 of 4th Ex.Sess. of 1935, known as the General License Law of Louisiana."

The merchandise asserted to have been peddled, sold, and delivered is itemized in the petition, and consists of candies, tobaccos, medical supplies, and sundry other articles.

Plaintiff prays for the issuance of a rule directed to defendants ordering them to show cause " * * * why judgment should not be rendered in favor of your petitioner and against said Page Puckett and W. W. Page, Jr., in solido, for $200.00 with a penalty of two percent (2%) per month thereon from January 1, 1937, until paid, together with 10% additional on both license and penalty as attorneys' fees and $25.00 as additional fees for the Sheriff or other executive officers of Red River Parish."

It further prays, " * * * that on final trial of this rule, same be made absolute, granting petitioner a judgment against Page Puckett and W. W. Page, Jr., in solido, for said amounts with recognition of petitioner's first lien and privilege on the above described automobile, and all goods and merchandise found in said car at the time of the aforesaid seizure, and ordering said automobile and merchandise sold according to law, and that out of the proceeds realized therefrom petitioner be paid the full amount of its judgment by preference and priority over all persons whomsoever."

Defendants filed an exception in which they allege:

"That this is an action under a penal statute, which must be strictly construed; that the petition does not contain such specifications as to enable defendant to answer; that the allegations that defendant is engaged in the business of 'peddler' without having paid a Peddlers License is fatally defective and fails to state a cause of action, because under the statute there are exceptions which permit peddling without payment of a license, and plaintiff's petition does not show affirmatively:

"1. The things done by defendant to constitute him a peddler.

"2. Nor that the things alleged to have been done by him do not come within the exceptions set forth in Section 16 of Act 15 of the 3rd Extra Session of 1934."

The trial court decreed, after a hearing, that "said exception of no cause or right of action be sustained, and that plaintiff's demand be dismissed with costs."

This appeal was prosecuted by plaintiff from the judgment sustaining the exception.

Collection of the license in question is sought by the State under the authority of section 16 of the General License Tax Law, being Act No. 15 of the Third Extra Session of 1934, as amended by Act No. 5 of the First Extra Session of 1935. Subsection (a) of said section imposes a license of $200 on a peddler when traveling in a motor vehicle or truck. Subsection (c), as amended by Act No. 5 of 1935, 1st Ex.Sess. states that: "Provided, that the provisions of Section 16 shall not apply to peddlers and hawkers of ice cream, all nonalcoholic beverages, ice, bread, milk, fresh meat, coal, charcoal and wood."

Subsection (e) provides: "Any person who goes from house to house, or place to place, or store to store, other than manu-

facturers who sell their product to dealers for resale, exposing and selling the merchandise which he carries with him and delivering the same at the time of or immediately after the sale or without returning to the base of business operation between the taking of the order and the delivery of the goods, shall he deemed a peddler; and provided that the provisions of this section shall not apply to vendors or their agents or representatives in the sale or delivery of petroleum products when drawn, conveyed and distributed from a stock maintained at a warehouse, distributing station, or established place of business, and, provided that peddlers of poultry, eggs, and vegetables, shall pay only one-fifth of the graded license herein stipulated, and any person vending his own produce exclusively shall pay no license; and provided, further, that no person or persons shall be allowed to sell goods as a representative or representatives of a peddler or hawker, but he or they must pay a license in his or their own name or names, but this provision shall not apply to water craft."

■ Defendants' counsel, under the exception of no cause of action, urges that the petition is fatally defective, in that it fails to specifically allege the filling and delivery of the orders at the time of their taking. He states that the gravamen of the charge under subsection (e) is that the person so selling did not return to his base of operations before making delivery of the orders obtained. It is to be seen from the aforequoted article 1 of the petition that plaintiff charges defendant Puckett with going from store to store in Coushatta, La., exposing and selling and delivering the merchandise then on his person and in the described motor vehicles to the owners and operators of certain stores in the named town, and that then and there he did peddle, sell, and deliver said goods. These allegations, we think, furnish the essentialities named in the general license tax statute, and are sufficient to state a cause of action in so far as the point under consideration is concerned. The phraseology employed in the mentioned article conveys the meaning that delivery of the sold articles was made at the time of the taking of the orders, and without journeying to a storage place or operating base for them.

■ Our attention is next directed to the exemptions provided for under subsections (c) and (e) of the act, which are above quoted, and counsel argues that the petition lacks the proper showing of a cause of action, in that it fails to allege that defendants do not come within the named exemptions. In our opinion, there is no merit to this contention. Plaintiff lists in detail, as before stated, the articles of merchandise alleged to have been peddled, sold, and delivered and which were stored and transported in the motor vehicle, and an examination of these discloses that the exemption provisions are not applicable. It was unnecessary, we think, for the petition to contain negative allegations disclosing that the transactions of defendants did not fall within the numerous statutory exceptions, for no benefit would have resulted if averments of that kind had been present.

For the reasons assigned, the judgment of the trial court is reversed and set aside, the exception of no cause of action is overruled, and the case is remanded for further proceedings according to law. Defendant shall pay the costs of this appeal, while other costs shall abide the final determination of the cause.